**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:17-CV-198-DSC**

| | | |
|---|---|---|
| ALAN L. STANLEY, )<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of Social )<br>Security Administration, )<br>      Defendant. )<br>_____ ) | | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #12) and Defendant's "Motion for Summary Judgment" (document #14), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment; grant Defendant's Motion for Summary Judgment; and affirm the Commissioner's decision.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on November 1, 2017. He assigns error to the Administrative Law Judge (ALJ)'s evaluation of the opinion from his primary care physician Dr.

Alexander Waite. See Plaintiff's "Memorandum ..." at 9-10 (document #13). He also assigns error to the ALJ's formulation of his Residual Functional Capacity ("RFC") and her evaluation of his credibility.[1] See Plaintiff's "Memorandum ..." at 5-10, 10-11 (document #13).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

Substantial evidence has been defined as being "more than a scintilla and do[ing]

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

2

more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome − so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" as that term is defined for Social Security purposes.[2]

Plaintiff first assigns error to the ALJ's RFC analysis generally, arguing that "the ALJ failed to assess [Plaintiff's] physical capacity to perform relevant functions despite contradictory

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

3

evidence in the record," Plaintiff's "Memorandum ...at 6 (document #13) and that the ALJ's RFC finding "is not based on a function by function analysis that takes into account the limitations imposed by [Plaintiff's] chronic pain." Id. at 9-10. Although the ALJ formulated an extremely detailed RFC, Plaintiff challenges only the exertional finding that he could perform light work.[3] The ALJ's RFC determination here is supported by Plaintiff's testimony, medical records and treatment history.

The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p at *2. However, it is the claimant's burden to establish his RFC by demonstrating how those impairments impact his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011)

---

[3]Specifically, the ALJ found that Plaintiff had the RFC to perform light work, as defined in 20 C.F.R. § 416.967(b), except:

the claimant can do occasional climbing [of] stairs and ramps and no climbing [of] ropes, ladders and scaffolds. He can do occasional bending, balancing, crouching, and stooping. The claimant can do no kneeling and crawling. He can have no use of foot pedals with the bilateral lower extremities and no pushing and/or pulling with the bilateral lower extremities. The claimant is capable of frequent handling, fingering and feeling with the bilateral upper extremities. He must avoid concentrated exposure [to] work place hazards. Work must be with simple routine tasks involving no more than simple, short instructions and simple work-related decisions with few work place changes. He can have occasional contact with supervisors, coworkers and the public. The claimant requires the opportunity to alternate between sitting and standing every 2 hours at the workstation, with standing and walking a total of 4 hours in an 8-hour work day.

(Tr. 14).

(Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

The Fourth Circuit has held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. It is only after that function-by-function analysis has been completed that RFC may "be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id. Plaintiff does not identify any relevant function that the ALJ failed to assess. The ALJ thoroughly discussed the medical record. (Tr. 16-19, 305-06, 309, 326, 328, 336, 346, 348–49, 351, 364, 366–67, 369, 370-73, 379-80, 382, 388, 390, 393-419, 443-48, 487-92, 494, 497, 511-12, 525-27). There is substantial evidence supporting the RFC finding.

Plaintiff next challenges the ALJ's evaluation of Dr. Waite's opinion. On December 30, 2015, Dr. Waite wrote a letter stating that Plaintiff was being treated for degenerative-disc disease and facet arthropathy in the lumbar spine; that he had a history of degenerative-joint disease in the both knees; that Dr. Waite's office had recommended that he not lift more than five pounds and be limited to only thirty minutes of standing and walking due to severe pain with radicular symptoms; that it was impossible for him to kneel or walk any distance greater than 100 feet due to degenerative osteoarthritis in the both knees; and that he was unable to perform any essential job functions, such that Dr. Waite recommended that he pursue disability benefits (Tr. 18, 525).

5

The ALJ gave controlling weight to Dr. Waite's opinion that Plaintiff could not kneel, but gave little weight to the rest of the opinion.

Under the relevant regulations, an opinion from a treating source on the nature and severity of a claimant's impairments may be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the record. See 20 C.F.R. § 416.927(c)(2); Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

In addition to evidence cited above, the ALJ discussed Dr. Waite's repeated recommendation that Plaintiff lose weight through exercise, specifically through sustained aerobic activity for at least forty-five minutes five times per week, and weight resistance/muscle strengthening exercises three-to-four times per week. (Tr. 16, 18, 306, 309, 382, 385, 388, 488, 491, 494 and 497). The ALJ also noted that Dr. Waite did not impose these limitations during any treatment sessions in 2015. (Tr. 18, 493–98). The ALJ noted multiple examination findings of full motor strength in considering the limitation for lifting no more than five pounds (Tr. 16–17, 306, 336, 382, 385, 388, 391, 494, 497, 512, 522). Substantial evidence supports the ALJ's treatment of Dr. Waite's opinion.

To the extent that Plaintiff is challenging the ALJ's credibility determination, the Court finds that she applied the correct legal standard and her credibility determination is supported by substantial evidence. Substantial evidence supported the ALJ's conclusion that Plaintiff's symptoms were not as disabling as alleged.

The ALJ accurately characterized Plaintiff's alleged pain symptoms as intermittent or waxing and waning. (Tr. 16–17, 393–419, 443–48, 487–92, 515). The ALJ also noted the discrepancy between Plaintiff's January 2016 testimony that his medications reduced his pain level to 7–8/10 (Tr. 15, 17–

18, 38, 44) and his November 2015 report that his medications reduced his pain level to 3/10 (Tr. 17, 515). The ALJ stated the record indicates "that the claimant has consistently reported pain improvement and stability with medications." (Tr. 17). For example, Plaintiff testified that he experienced constant headaches up to three times per week and that his medication helped only a little. (Tr. 15, 39). By contrast, treatment records show that Plaintiff's headaches were "much improved and controlled" with medication, such that he had only one or two mild headaches per month. (Tr. 380, 390). The ALJ also noted that Plaintiff's treatment consisted primarily of conservative medication management (Tr. 17); despite sometimes having an antalgic gait, he generally had full motor strength (Tr. 16–17, 306, 336, 382, 385, 388, 391, 494, 497, 512, 522); and x-rays of his knees showed "very minimal if any degeneration and are otherwise unremarkable" (Tr. 16-17, 372).

The ALJ found that the limitations alleged by Plaintiff were also inconsistent with his activities. Plaintiff reported camping and going in the ocean during August 2013 (Tr. 16, 18, 352). In 2015 counseling sessions, Plaintiff was noted to be a caregiver to others. (Tr. 18, 504, 508). As the ALJ reasonably concluded, "these factors coupled with his extensive activities of daily living that include driving, shopping, caring for his children, and performing chores belie his claims of total disability." (Tr. 18).

Although the medical records establish that Plaintiff experienced pain and mental and emotional difficulties to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57. Substantial evidence exists to support the ALJ's assessment of the medical records, Plaintiff's credibility, and her ultimate determination that Plaintiff was <u>not</u> disabled.

## IV. ORDER

**NOW THEREFORE, IT IS ORDERED:**

1. Plaintiff's "Motion For Summary Judgment" (document #12) is **DENIED**; Defendant's "Motion for Summary Judgment" (document #14) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: June 26, 2018

David S. Cayer
United States Magistrate Judge